YATES *v.* HOUSTON & MURRAY.[*]

(Division B.   Nov. 30, 1925.)

[106 So. 110.   No. 24846.]

1. TRIAL. *Evidence, on request for directed verdict, to be taken most strongly in favor of other party.*

In determining propriety of directing verdict for defendants, the evidence must be taken most strongly in favor of plaintiff; that is, every material fact which the evidence tends to prove in his favor must be taken as true.

141 Miss.—56.

2. SALES. *Form of account held immaterial, except on disputed question of supplies being furnished on defendants' credit.*

    If the credit, represented by an account for automobile repairs and supplies furnished by plaintiff to H., was extended to defendants under arrangement by them with him to furnish the same, their liability would not be affected by the manner in which plaintiff kept the account on his books, so that keeping it in the name of H., and subsequently changing it to the name of defendants, would bear only on the disputed question whether in fact the credit was extended to defendants.

3. SALES. *Plaintiff, directed by defendants to supply gasoline for car of H. during their construction work, held not required to see that H. did not use car for other purposes.*

    Plaintiff, directed by defendants to supply the car of H. with oil and gasoline during the progress of their construction, which H. was to supervise, was not required to see that H. did not, during such period, use the car with such supplies for other purposes also.

*Headnotes 1. Trial, 38 Cyc., p. 1580; 2. Sales, 35 Cyc., p. 43; 3. Sales, 35 Cyc., p. 189.

APPEAL from circuit court of Lafayette county.

HON. THOS. E. PEGRAM, Judge.

Action by T. F. Yates against Houston & Murray. Verdict was directed for defendants, and plaintiff appeals. Reversed and remanded.

*Harry M. Bryan,* for the appellant.

*The court erred in granting the peremptory instruction for the defendants.* Appellant in this case claims that the contract for furnishing materials, etc., for the resident engineer's car was an *original* undertaking with the appellees and, therefore, plea of appellees invoking the statute of frauds could not be well taken. We earnestly contend that this record shows on the part of the plaintiff not an assumption by appellees to answer for the debt, default, or miscarriage of another, but an original undertaking on their part to pay for materials, etc., delivered to Heddleston on their account. The plaintiff contends that there was a general agreement be-

tween him and appellees whereby they entered into contractual relations and this is corroborated by the testimony of Mr. Murray, one of the appellees, who identified the contractors' contract with the road district in which they agreed to furnish a conveyance to the resident engineer.

On the other hand, both appellees vigorously contended that there were contractual relations existing between them and appellant. Even with this conflict in the record the court granted a peremptory instruction for appellees. It is our contention that it was a question for the jury under the settled law of this state. *Delta Lumber Co.* v. *Wall et ux.*, 119 Miss. 350, 80 So. 782.

The way the account in the case at bar was carried on the book was not the material thing. It was but a circumstance which the court and jury could take into consideration in determining whether or not the contract for the materials here sued on was between appellant and appellees or between appellant and the engineer.

It is hardly necessary for us to cite authorities to the effect that where credit is extended and goods are purchased on account of one person by his agent, the person ultimately receiving the benefit of the credit is bound and the contract need not be in writing for it is an original undertaking. See *Hutchinson* v. *Gaston*, 91 So. 193; *Morgan* v. *King*, 91 So. 30.

It seems too clear for argument that this was a case for the jury under the above authorities. The question of account and their entries being explained by plaintiff and this court having held that such entries are but circumstances not absolutely conclusive, and having held further that where a question is raised as to whether a contract is original or collateral, the court grievously erred in taking the case from the jury.

*J. W. T. Falkner*, for the appellees.

The admissions of appellant that he started furnishing the supplies herein sued for to David Heddleston,

that they were charged to David Heddleston on the book of original entry, and then transferred to a then existing personal account of David Heddleston, which at that time showed a balance of one hundred forty-eight dollars and thirty-four cents, and upon which ledger sheets the names · of appellees did not appear until after the account was closed in September, throws the case squarely within the statute of frauds, it being an effort to hold the appellees upon a verbal promise to answer for the debt of another person, and the plea invoking that statute is well taken.   Section 3119, Hemingway's Code,

The case of *Delta Lumber Co.* v. *Wall et ux.,* 119 Miss. 350, cited by counsel for appellant has no application here, it being a suit on petition for mechanic's lien, wherein the court held that when building materials were furnished and used in the construction of a building the way the account was carried, whether in the name of the contractor or the owner, was immaterial in establishing a lien on the property.   Neither does *Lee* v. *Newman,* 55 Miss. 365, cited by counsel, state the rule to control in the case here.

It 'seems clear, both from the testimony of appellant himself . and from the charges entered upon his books, that credit for some part of the goods in this case was extended to Heddleston personally, because appellant admitted that, after Heddleston became engineer for the Beat Three District, he continued to charge goods purchased by him to the same old account, carrying the old balance forward with the new; that when the account began to grow rather large, he then for the first time took the matter up with the appellees.   Any agreement entered into at that late state of the account, with no proof as to the amount then charged on the account, certainly cannot be considered an original undertaking of the appellees for the entire amount, covering items delivered to Heddleston both before and after the first discussion of the matter between appellant and appellees.   There is no conflict as to whom credit was extended in this case; hence, there was no question to submit to a jury.

ANDERSON, J., delivered the opinion of the court.

Appellant, T. F. Yates, brought this action in the circuit court of Lafayette county against appellees, Houston & Murray, on an open account for seven hundred sixty-eight dollars and sixty-four cents alleged to be due appellant by appellees. At the conclusion of the testimony the trial court, at the request of appellees, directed a verdict in their favor, from which appellant prosecutes this appeal.

Appellant contends that the question was one for the jury and that therefore the court erred in directing a verdict in favor of appellees. In determining the question of the propriety of that action of the trial court, the testimony must be taken most strongly in favor of appellant; in other words, every material fact which the evidence tends to prove in his favor must be taken as true. So viewing the testimony substantially the following case was made by appellant:

Appellees were road contractors engaged in constructing a certain public highway in Lafayette county. Appellant was engaged in the repair and automobile supply business, including the sale of gasoline and oil. W. D. Heddleston, Jr., was the resident engineer employed by the county to supervise the construction of the highway which appellees were constructing. The contract between Lafayette county and appellees for this highway construction work provided, among other things, that—

"The contractor to whom the contract is awarded will furnish all help, a conveyance to the resident or field engineers in going to and setting necessary stakes after the work of construction has begun."

Under that provision of the contract the engineer, Heddleston, conceived that it was the duty of appellees to furnish him an automobile and pay the expense of its upkeep while he was engaged in supervising appellees' road construction work. However, the engineer

proposed instead thereof that appellees permit him to use his own car and they pay the expense of its upkeep, including the necessary gasoline and oil, while he was so engaged. ·Appellant testified (and the testimony of Engineer Heddleston tended to support appellant) that, in order to carry out that agreement, appellees went to appellant and arranged with the latter that he keep the engineer's car in repair and furnish him the necessary gasoline, oil, and other supplies during the progress of appellees' construction work, for which they agreed to become responsible to appellant and that, in pursuance of that arrangement, the account against appellees on which suit was brought by appellant was incurred.

Appellant was unable to state to what extent the engineer used his car for other purposes than in the supervision of appellees' road work, but the testimony tended to show that the account represented repairs on the engineer's car and supplies for the use of his car during the period of appellees' road construction. Appellant was also unable to state what proportion of the account was ·incurred by the engineer in the use of his car for other purposes than the road work, and the engineer testified, that while the work was going on he used his car for all of his purposes, some of which had no connection with the road work.

There was a square conflict in the material evidence of the respective parties. Appellees denied in their testimony that they had ever become obligated in any manner to pay any part of the account sued on. There was testimony tending to show that the effort of appellant to hold appellees responsible for the account in question was an afterthought; that the manner in which they kept their books indicated this. There was other evidence in the case tending to prove that fact. The trial judge in directing a verdict for appellees stated his reasons therefor, which were taken down by the court stenographer and made a part of the record. They were substantially as follows: That the testimony established beyond ques-

tion that appellant had changed his books so as to show that the account sued on was not an account against Engineer Heddleston as originally charged, but one against appellees, and that this change took place after the date of the last item on the account; that it was evident that appellant could not have understood from what he claimed was said to him by appellees when they arranged to furnish Engineer Heddleston car repairs and supplies that the large account incurred by the latter was intended; that appellees could not have contemplated that they were becoming liable for such a large amount.

There is much force in the grounds upon which the trial court directed a verdict for appellees, but we are of the opinion that their force consists of the reasons why appellant's testimony outweighs that of appellees.

The manner in which appellant kept the account on his books is not controlling. The question is as to whom the credit was extended. If the account had been kept in the name of Engineer Heddleston, or in any other name as a matter of convenience or without any good reason for so doing, still, if in truth and in fact the credit represented by the account was extended to appellees and they became responsible therefor, it would be their debt. It is true any juggling by appellant (if there was any shown by the evidence) of this account on his books had a bearing on whether in fact the credit was extended to appellees; but the form and manner alone of the bookkeeping was not determinative of that question.

It does not follow from the fact that the engineer, Heddleston, used his car for his purposes in general, and that a large part of its upkeep and supplies were used for other purposes than in supervising appellees' road construction, that appellees are not liable to appellant for the entire account. According to appellant's testimony appellees trusted the engineer—not appellant; on the contrary, taking appellant's testimony to be true, he was not willing to extend credit to the engineer. When

appellees arranged for the account to be opened against them, if they were not willing to trust the engineer, they should have arranged with appellant to protect themselves against the latter's unauthorized use of the credit. Appellees had no right under the circumstances to expect appellant to see that the engineer incurred only such indebtedness on their behalf as was necessary to enable him to perform his duties in connection with the road work. Appellees, if not willing to trust the engineer, should have devised some method of protecting themselves against such loss; they had no ground to expect appellant to do so. As between appellant and appellees, we think such loss should fall upon the latter.

Without passing on the weight of the testimony and whether a jury ought to find one way or the other, which is without the province of this court, we are of opinion that this case should have been submitted to a jury on proper instructions.

*Reversed and remanded.*